## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-CV-_____

MARIA DE LEON, and all others
similarly situated under 29 U.S.C. 216(b),

      Plaintiff,

vs.

RICO PAN, INC., a Florida corporation and
RAFAEL PEREZ, individually,

      Defendants.
_____/

### COMPLAINT UNDER 29 U.S.C.201-216 OVERTIME WAGE VIOLATION

Plaintiff, MARIA DE LEON, on behalf herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Complaint against the Defendants, RICO PAN, INC. and RAFAEL PEREZ, and alleges:

1.      This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201 – 2016.

2.      The Plaintiff was a resident of Broward County, Florida at the time that this dispute arose.

3.      The Defendant RICO PAN, INC. is a Florida corporation that regularly transacts business within Miami-Dade County, Florida. Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiff's respective period of employment ("the relevant time period").

4.      The individual Defendant, RAFAEL PEREZ, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the

relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C 203(d).

5.      All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I
## (FEDERAL OVERTIME WAGE VIOLATION)

6.      This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 28 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8.      29 U.S.C. § 207(a)(1) states, "if an employer employees an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…….."

9.      Plaintiff worked for Defendants as a cook from on or about September 26, 2014 through December 5, 2016.

10.      Defendant's business activities involve those to which the Fair Labor Standards Act applies.

11.      Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period.

12.      Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis

and/or that were supplied to her by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

13.     Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

14.     Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15.     Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000.00 annually for the years 2014, 2015 and 2016.

16.     Between the period of September 2014 through the present and ongoing, Plaintiff maintains that Defendants, by and through Defendant RAFAEL PEREZ advised Plaintiff that she would be paid $10.00 per hour intended for 40 hours of work in a week.

17.     Between the period of on or about September 26, 2014 through about August 2016, the Plaintiff worked an average of 65 hours per week and was paid $10.00 per hour, but was not paid overtime for the 25 hours a week worked of overtime.

18.     Between the period of August 2016 through December 5, 2016, the Plaintiff worked an average of 55 hours per week and was paid $10.00 per hour, but was not paid overtime for the 15 hours per week that she worked overtime.

19.     Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the

Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

20.     Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

21.     Defendants have been the subject of Fair Labor Standards Act litigation in the past and knew they were legally required to pay the Plaintiff overtime wages.

**WHEREFORE**, Plaintiff, MARIA DE LEON, requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

The Plaintiff requests a trial by jury for all issues so triable.

Dated: December 12th, 2016                    Respectfully submitted,

ROBERTO E. MORAN, P.A.
Counsel for Maria Deleon
2555 Ponce de Leon Boulevard
Suite 600
Coral Gables, Florida 33134
Tel: (305) 476-7100
Fax: (305) 476-7102
Email: rmoran@robertomoranlaw.com

By:/s/Roberto E. Moran
    Roberto E. Moran, Esq.
    Florida Bar No.: 59361